KYLE W. SCHUMACHER (BAR # 282427)
KSchumacher@sagarialaw.com
SAGARIA LAW, P.C.
1001 SW 5th Ave. Suite 1100
Portland, OR. 97204
503-535-0620 ph
408-279-2299 fax

Attorney for Debtor/Plaintiff
Steven and Tiffany McMahon

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br>**Steven McMahon**<br>**Tiffany Michelle McMahon,**<br><br>Debtor. | Case No.: 15-33203-tmb7<br><br>Adversary No.:<br><br>Chapter 7<br><br>**WILLFUL AUTOMATIC STAY VIOLATION (11 U.S.C. §362(a)(6) AND §362(k))** |
| **TIFFANY MICHELLE MCMAHON,**<br><br>Plaintiff,<br><br>v.<br><br>**KAISER FOUNDATION HOSPITALS, KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST, KAISER FOUNDATION HEALTH PLAN, EVERGREEN PROFESSIONAL RECOVERIES, INC., LLC, AND DOES 1 THROUGH 10,**<br><br>Defendants. | Judge: Hon. Trish M. Brown |

//

//

## JURISDICTION

1. This Court has jurisdiction under the provisions of 28 U.S.C. §1334 because the automatic stay arises out of Title 11.

2. Debtor/Plaintiff Tiffany Michelle McMahon ("Plaintiff") filed for bankruptcy protection under Chapter 7 of Title 11 on June 30, 2015, in the District of Oregon and assigned case number 15-33203.

3. Plaintiff is informed and believes, and thereon alleges, that Creditor/Defendant Kaiser Foundation Health Plan of the Northwest, Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals (collectively "Kaiser") maintains its principle office at One Kaiser Plaza, Oakland, CA. 94612.

4. Plaintiff is informed and believes, and thereon alleges, that Creditor/Defendant Evergreen Professional Recoveries, Inc. ("Evergreen") maintains its principle office at 12100 NE 195th St. Ste. 125, Bothell, WA. 98011.

5. Venue is proper under 28 U.S.C. §1409(a) because Kaiser and Evergreen mailed multiple collection letters to the Plaintiff while her chapter 7 bankruptcy was pending. Kaiser and Evergreen is aware that Plaintiff was under the protection of the automatic stay of bankruptcy under 11 U.S.C. §362(a)(6). Kaiser received mailed notice of the §341(a) Meeting of Creditors and the Notice of Filing from the Bankruptcy Noticing Center ("BNC").

## NATURE OF CLAIM

6. Plaintiff's automatic stay claim is a core proceeding under 28 U.S.C. §15(b)(2) (see *In re Gruntz*, 202 F.3d 1074, 1081 (9th Cir. 2000); *In re Goodman*, 991 F.2d 613, 6117 (9th Cir. 1993)) and plaintiff consents to entry of final orders and judgments by the Bankruptcy Court in this adversary proceeding.

## FACTUAL ALLEGATIONS

7. This Complaint's allegations are based upon the personal knowledge of the Plaintiff's information and belief as to the acts and conduct of others.

8. Plaintiff filed her Chapter 7 bankruptcy case on June 30, 2015. The commencement of this case 'constitutes an order for relief.'

9. Kaiser was sent actual notice of the automatic stay in Plaintiff's bankruptcy case from the BNC via United States first class mail.

10. After the case was filed Kaiser engaged Evergreen to collect against Plaintiff regarding the outstanding debt that was owed.

11. Evergreen mailed over 9 collection letters to Plaintiff on or about July 22, 2015 regarding the debt that was owed to Kaiser and to make payment arrangements on the debt.

12. Despite receiving notice that Plaintiff had filed bankruptcy and that the automatic stay in Plaintiff's case applied to Plaintiff's account with Kaiser, Kaiser and Evergreen still took action to collect against a debt that arose before the commencement of the bankruptcy case.

13. Kaiser's and Evergreen's conduct as alleged above caused Plaintiff significant stress, body tension, upset stomach, anxiety, and other emotional harm distinct from the inherent stress of the normal bankruptcy process.

## FIRST CLAIM FOR RELIEF

### (Violation of the Automatic Stay – 11 U.S.C. §362)

14. Plaintiff incorporates paragraphs 1-12 of her complaint by reference.

15. 11 U.S.C. §362(a) imposed an affirmative duty to terminate all collection efforts against Plaintiff upon learning that she filed bankruptcy. *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1215 (9th Cir. 2002).

16. Kaiser's and Evergreen's violation of 11 U.S.C. §362(a)(6) as alleged above was "willful" as that term is defined in the Ninth Circuit because its acts and omissions were intentional, it had prior actual knowledge of the automatic stay, its conduct was unreasonable, and any alleged mistake of law was not a defense.

17. Under 11 U.S.C. §362(k), Plaintiff is entitled to compensation for actual damages, proportional punitive damages, and reasonable fees and costs from Kaiser and Evergreen in amounts to be decided by the Court.

WHEREFORE, Plaintiff requests for the court to grant relief for Plaintiff against Kaiser and Evegreen as set forth below:

## **PRAYER FOR RELIEF**

After a stipulation or determination that Defendants Kaiser and Evergreen willfully violated the automatic stay, Plaintiff seeks relief as follows:

Money Judgment in favor of Plaintiff against Kaiser and Evegreen for actual damages and punitive damages, and for reasonable fees and costs incurred prosecuting this adversary proceeding.

**SAGARIA LAW, P.C.**

Dated: June 1, 2018            By:     */s/ Kyle W. Schumacher*
                                                     Kyle W. Schumacher
                                                     Attorney for Debtor/Plaintiff